UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRACEY SCHUSTERMAN,

                         Petitioner,           Index No.

            -against-

ROSA MAZZONE,

                   Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

VLADECK, RASKIN & CLARK, P.C.
Attorneys for Petitioner
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300

Of counsel:
     Debra L. Raskin
     Valdi Licul
     Thomas Bellifemine

987888 v2

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Petitioner Tracey Schusterman asks that the arbitration award in the consolidated arbitration entitled <u>Tracey Schusterman v. Rosa Mazzone</u>, Financial Industry Regulatory Authority ("FINRA") arbitration case number 17-02501 and <u>Rosa Mazzone v. Tracey Schusterman</u>, FINRA arbitration case number 17-2504 (the "Award") be confirmed.   A panel of three arbitrators entered and served the Award on December 11, 2018.  (A true and correct copy of the Award is attached as Petition, Exhibit A.)

BACKGROUND

Tracey Schusterman is a highly successful financial planner who, over the course of her more than 32-year career, developed a lucrative book of business. Beginning in or about 2003, Schusterman agreed to work with Rosa Mazzone, a struggling advisor with few lucrative customer relationships. Schusterman offered Mazzone a job supporting what ultimately became known as The Schusterman Group servicing Schusterman's considerable client base. Over the next 14 years, as Schusterman was recruited to increasingly higher profile positions at prominent institutions such as Citigroup Global Markets Inc. ("Citigroup"), UBS Financial Services, Inc. ("UBS") and Royal Bank of Canada ("RBC"), she offered Mazzone the opportunity to continue their working relationship.

In or about April 2017, Schusterman and Mazzone entered into a contract governing the terms of their work ("the Agreement," attached as Petition, Exhibit B), then known as the "Schusterman/Mazzone Group" (the "Group").   Contemporaneous with the execution of the Agreement, the Group left UBS, where they had worked since 2009, for RBC.

Among other things, the Agreement contained provisions intended to protect Schusterman's client base in the event of a business break-up. For example, if the Group disbanded, Mazzone was prohibited from claiming or soliciting former Group clients (with a few exceptions) or disparaging Schusterman. Moreover, Mazzone was required to announce any termination of the business

relationship in neutral terms. In exchange for Mazzone's compliance, Schusterman agreed to pay Mazzone $1,000,000 in the event of a split; as Mazzone herself repeatedly acknowledged, that sum represented the "Buy Out Price" of Mazzone's minority share of the partnership. Schusterman even placed the money in escrow to ensure that in the event of a firm breakup, Mazzone would be compensated for relinquishing most of her interest in the Group's book of business.

In July 2017, the Group split when Schusterman's employment with RBC terminated. Mazzone accepted the $1,000,000 Buy Out from Schusterman but nevertheless refused to comply with her obligations under the Agreement.  For example, Mazzone demanded that RBC assign the Group's former clients to her, took over the Group's representative identification number and began to solicit those clients in violation of the Agreement's requirements.

On September 20, 2017, Schusterman filed an arbitration proceeding against Mazzone alleging breach of contract, defamation, tortious interference with business relations, as well as assault and false imprisonment, arising out of an altercation between Schusterman and Mazzone while at RBC.   In response, Mazzone filed an arbitration proceeding against Schusterman requesting a declaration that she be permitted to keep the Buy Out Price and asserted claims for breach of contract, battery and defamation.

Following an ten-day evidentiary hearing during which Mazzone appeared and was represented by counsel, the FINRA arbitration panel (the "Panel") entered a unanimous award ordering Mazzone to pay Schusterman $498,388.50.  In relevant part, the Panel ordered Mazzone to pay Schusterman (1) $548,488.50 in compensatory damages for Mazzone's violating her contractual and common law obligations by claiming and soliciting the Group's clients and (2) $5,912.50 in sanctions for violating her discovery obligations. The Panel ordered Schusterman to

pay Mazzone $50,000 for battery, offsetting a portion of Mazzone's payment to Schusterman.[1]

Despite Schusterman's repeated requests, Mazzone has failed to pay the Award. Accordingly, Schusterman seeks judicial confirmation of the Award.

ARGUMENT

I.    The Federal Arbitration Act Mandates Confirmation of the Award

"Confirmation of an award rendered in a FINRA arbitration 'is governed by the Federal Arbitration Act.'" Barclays Capital Inc. v. Hache, No. 16 CIV. 315 (LGS), 2016 WL 3884706, at *1 (S.D.N.Y. July 12, 2016) (quoting Thomas James Associates, Inc. v. Jameson, 102 F.3d 60, 65 (2d Cir. 1996)). "Under the FAA, a party to an arbitration may apply to a court for an order confirming the arbitration award within one year after the award is made….'[T]he court must grant such an order [confirming the award] unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.'" Garvin v. Burnham Sec. Inc., No. 17 CIV. 0626 (LAP), 2018 WL 2084169, at *1 (S.D.N.Y. Mar. 28, 2018) (quoting 9 U.S.C. § 9).

"[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." S&O Constr. Servs., Inc. v. APS Contracting, Inc., No. 18-CV-5836 (CS), 2018 WL 6321541, at *3 (S.D.N.Y. Dec. 4, 2018) (internal citations and quotation marks omitted) (confirming arbitration award). "An arbitrator's decision is entitled to substantial deference." SAS Grp., Inc. v. Madray, 14 F. App'x 98, 99 (2d Cir. 2001) (quotations omitted) (confirming arbitration award). Courts confirm arbitration awards so long as there is "a barely colorable justification for the outcome reached." Gill v. Fin. Indus. Regulatory Auth., No. 11 CIV. 2713 PAC RLE, 2013 WL 1203746, at *3 (S.D.N.Y. Mar. 6, 2013),

---

[1] The Panel found that the parties' remaining claim were either unproven or did not result in any damages.

report and recommendation adopted, No. 11 CIV. 2713 PAC RLE, 2013 WL 1201499 (S.D.N.Y.

Mar. 25, 2013) (internal citations and quotation marks omitted) (confirming arbitration award).

Mazzone cannot demonstrate the "very unusual circumstances" under which a court may

vacate an arbitration award. See Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp., 559 U.S. 662, 693

(2010) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)).   Under the

FAA, a court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there
> was evident partiality or corruption in the arbitrators, or either of them; (3) where the
> arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient
> cause shown, or in refusing to hear evidence pertinent and material to the controversy; or
> of any other misbehavior by which the rights of any party have been prejudiced; or (4)
> where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual,
> final, and definite award upon the subject matter submitted was not made.

Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 n. 4 (2008) (citing 9 U.S.C. § 10).   The

Second Circuit has interpreted these grounds to mean that "an arbitral award may be vacated if it

exhibits a 'manifest disregard of the law.'" Wells Fargo Advisors LLC v. Tucker, No. 18 CIV.

6757 (PAE), 2019 WL 79287, at *3 (S.D.N.Y. Jan. 2, 2019) (citation omitted).   The party moving

for vacatur "bears the burden of proof, and the showing required to avoid confirmation is very

high." Id. at *2.   "The Second Circuit does not recognize manifest disregard of the evidence as

proper ground for vacating an arbitrator's award." Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir.

2004).

As to the first three grounds for vacatur—fraud, partiality, or other misbehavior—Mazzone

will be unable to adduce any evidence that the arbitrators engaged in any misconduct, let alone

misconduct that would justify vacatur. "The Second Circuit has recognized 'that except where

fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary

review.'" <u>Rai v. Barclays Capital Inc.</u>, 739 F. Supp. 2d 364, 372 (S.D.N.Y. 2010), <u>aff'd,</u> 456 F.App'x 8 (2d Cir. 2011)

Similarly, Mazzone will not prevail in showing that the arbitrators exceeded their authority. "The Second Circuit has held that an arbitrator exceeds [her] authority only by (1) considering issues beyond those the parties have submitted for [her] consideration, or (2) reaching issues clearly prohibited by law or by the terms of the parties' agreement." <u>Wells Fargo Advisors</u>, 2019 WL 79287, at *3 (citations and internal quotation marks omitted). Under the Agreement, Mazzone and Schusterman broadly agreed to submit "any dispute arising out of or in any way related to the terms of th[e] Agreement" to FINRA arbitration. (Agreement at 12). Further, the FINRA arbitrators decided only issues raised either by Mazzone or by Schusterman in their respective Statements of Claim. (Award at 2-3, 4-8). Thus, no plausible argument exists that the arbitrators exceeded the scope of their authority in deciding this matter.

Nor will Mazzone be able to demonstrate that the arbitrators' decision exhibits a manifest disregard of the law sufficient to avoid confirmation. Under this stringent standard, "the moving party bears the heavy burden of showing that (1) the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators, (2) the law was in fact improperly applied, leading to an erroneous outcome, and (3) the arbitrator ... kn[ew] of its existence, and its applicability to the problem before him." <u>Wells Fargo Advisors LLC</u>, 2019 WL 79287, at *3 (citation and internal quotation marks omitted) "A reviewing court may vacate an arbitral award on these grounds only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." <u>Rai</u>, 739 F. Supp. at 372. Under the "manifest disregard of the law" standard, "a court may not conduct a reassessment of the evidence or vacate an arbitral award because the arbitrator's decision may run contrary to strong evidence favoring the party

seeking to overturn the award." <u>Fairchild Corp. v. Alcoa, Inc.</u>, 510 F. Supp. 2d 280, 286 (S.D.N.Y. 2007). Rather, "a court reviewing an arbitrator's determination may look at the evidentiary record 'only for the purpose of discerning whether a colorable basis exists for the panel's award so as to assure that the award cannot be said to be the result of the panel's manifest disregard of the law.'" <u>Fairchild Corp.</u>, 510 F. Supp. at 286 (S.D.N.Y. 2007) (citing <u>Wallace</u>, 378 F. 3d at 193).

Because Schusterman has made a timely request for confirmation, and because no grounds for vacatur exist, the Award must be confirmed. 9 U.S.C. § 9 ("the court *must grant* [a request to confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.") (emphasis added)

CONCLUSION

For the foregoing reasons, Schusterman's Petition to Confirm Arbitration Award should be granted, and judgment should be entered on the Award pursuant to its terms.

Dated: New York, New York
       January 8, 2019

VLADECK, RASKIN & CLARK, P.C.

By:  /s _____
     Valdi Licul
     Debra L. Raskin
     Thomas Bellifemine
     565 Fifth Avenue, 9th Floor
     New York, New York 10017
     (212) 403-7300
     Attorneys for Schusterman

987888 v2