UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
  TRACEY SCHUSTERMAN,

                               Petitioner,         Index No. 1:19-cv-00212

                 -against-

  ROSA MAZZONE,

                               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO RESPONDENT'S MOTION FOR SANCTIONS**

                                                         VLADECK, RASKIN & CLARK, P.C.
                                                         Attorneys for Petitioner
                                                         565 Fifth Avenue, 9th Floor
                                                         New York, New York 10017
                                                         (212) 403-7300

Of counsel:
    Debra L. Raskin
    Valdi Licul
    Thomas Bellifemine

990398 v1

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL AND FACTUAL HISTORY ......................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.    THE ARBITRATION AWARD SHOULD BE CONFIRMED ......................................... 2

        A.    Respondent's Payment of the Award Does not Extinguish Schusterman's Right to Seek Judicial Confirmation ........................................................................ 2

        B.    As Respondent does not Oppose Confirmation on any Substantive Grounds, the Award Should be Confirmed ................................................................................. 3

    II.    RESPONDENT'S MOTION FOR SANCTIONS SHOULD BE DENIED ....................... 4

        A.    Mazzone's Motion for Sanctions Should be Denied for Failure to Comply with the Requirements of Rule 11 .......................................................................... 4

        B.    Mazzone's Motion for Sanctions Should be Denied as Schusterman Did Not Violate Rule 11. ....................................................................................................... 6

CONCLUSION ........................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Barclays Capital Inc. v. Hache,
 No. 16 CIV. 315 (LGS), 2016 WL 3884706 (S.D.N.Y. July 12, 2016) .................................3, 4

Benihana, Inc. v. Benihana of Tokyo,
 LLC, No. 15 CIV. 7428 (PAE), 2016 WL 3913599 (S.D.N.Y. July 15, 2016).........................5

D.H. Blair & Co. v. Gottdiener,
 462 F.3d 95 (2d Cir.2006)..........................................................................................................4

Dist. Council No. 9 v. APC Painting, Inc.,
 272 F. Supp. 2d 229 (S.D.N.Y. 2003)........................................................................................2

E. Gluck Corp. v. Rothenhaus,
 252 F.R.D. 175 (S.D.N.Y. 2008) ...............................................................................................6

Eagle Star Ins. Co. v. Arrowood Indem.
 Co., No. 13 CV 3410 HB, 2013 WL 5322573 (S.D.N.Y. Sept. 23, 2013) ................................7

Eastway Constr. Corp. v. City of New York,
 762 F.2d 243 (2d Cir. 1985).......................................................................................................6

Hall St. Assocs., L.L.C. v. Mattel, Inc.,
 552 U.S. 576 (2008)...................................................................................................................4

Lawrence v. Richman Grp. of CT LLC,
 620 F.3d 153 (2d Cir. 2010).......................................................................................................5

Levi & Korsinsky, LLP v. Bower,
 No. 14CIV. 10069 (AT), 2015 WL 10437758 (S.D.N.Y. Feb. 16, 2015) .................................5

Lindner v. Am. Exp. Corp.,
 No. 06 CIV. 3834.......................................................................................................................5

McBurnie v. Rutledge,
 646 F. App'x 108 (2d Cir. 2016)................................................................................................6

Nat'l Cas. Co. v. Resolute Reinsurance Co.,
 No. 15CV9440 (DLC), 2016 WL 1178779 (S.D.N.Y. Mar. 24, 2016) ............................2, 3, 4

Ottley v. Schwartzberg,
 819 F.2d 373 (2d Cir. 1987)...................................................................................................2, 3

S&O Constr. Servs., Inc. v. APS Contracting, Inc.,
    No. 18-CV-5836 (CS), 2018 WL 6321541 (S.D.N.Y. Dec. 4, 2018) ........................................ 3

Sorenson v. Wolfson,
    683 F. App'x 33 (2d Cir. 2017) .............................................................................................. 6

Trustees of the New York City Dist. Council of Carpenters Pension Fund v.
    Interior Cinema Inc.,
    No. 15 CIV. 4616 PAE, 2015 WL 6459261 (S.D.N.Y. Oct. 23, 2015) ..................................... 4

Wells Fargo Advisors LLC v. Tucker,
    No. 18 CIV. 6757 (PAE), 2019 WL 79287 (S.D.N.Y. Jan. 2, 2019) ........................................ 4

Williamson v. Recovery Ltd. P'ship,
    542 F.3d 43 (2d Cir. 2008) ..................................................................................................... 6

Zeiler v. Deitsch,
    500 F.3d 157 (2d Cir. 2007) ................................................................................................... 2

**Statutes**

9 U.S.C. § 9 ............................................................................................................... 1, 2, 3, 7

9 U.S.C. § 10 ...................................................................................................................... 4

Fed. R. Civ. P. 11 ............................................................................................... *passim*

PRELIMINARY STATEMENT

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Petitioner Tracey Schusterman ("Petitioner" or "Schusterman") asks that the arbitration award in the consolidated arbitration entitled <u>Tracey Schusterman v. Rosa Mazzone</u>, Financial Industry Regulatory Authority ("FINRA") arbitration case number 17-02501 and <u>Rosa Mazzone v. Tracey Schusterman</u>, FINRA arbitration case number 17-2504 (the "Award") be confirmed. Respondent Rosa Mazzone ("Respondent" or "Mazzone") opposes Schusterman's Petition to Confirm the Arbitration Award (the "Petition) on grounds wholly unsupported by the FAA and law of this Circuit, arguing incorrectly that Schusterman has no right to judicial confirmation because Mazzone has now satisfied the Award. Schusterman further asks that Mazzone's Motion for Sanctions be denied, as the Motion failed to comply with the mandatory requirements of Rule 11 and is substantively baseless.

PROCEDURAL AND FACTUAL HISTORY

On September 20, 2017, Schusterman and Mazzone each filed arbitration proceedings against one another with FINRA under a prior agreement between the parties ("the Agreement"). (Dkt. 6-2)  Following a ten-day evidentiary hearing during which Mazzone appeared and was represented by counsel, the FINRA arbitration panel (the "Panel") entered a unanimous award ordering Mazzone to pay Schusterman $498,388.50 on December 12, 2018. (Dkt. 6-1)  FINRA served the parties with the Award on December 12, 2018.

After multiple unsuccessful attempts to speak with Mazzone's counsel to determine if she intended to comply with the Award, <u>see</u> Licul Aff. ¶¶ 3-7, Schusterman initiated this case by filing the Petition (Dkt. 6).  In filing the Petition, Schusterman sought to exercise her right under the FAA to a judicial confirmation of the Award.

On January 11, 2019, Schusterman, through counsel, received payment from Mazzone in

990398 v1

the amount of the Award. (Licul Aff. ¶ 9) Later that evening, at approximately 7:00 p.m., Mazzone filed a Memorandum of Law in Opposition to Petition to Confirm and Cross-Petition to Dismiss and for Sanctions. (Dkt. 8) Mazzone did not serve the motion for sanctions on counsel for Schusterman prior to filing the motion with this Court. (Licul Aff. ¶ 11)

ARGUMENT

I. THE ARBITRATION AWARD SHOULD BE CONFIRMED

    A. Respondent's Payment of the Award Does Not Extinguish Schusterman's Right to Seek Judicial Confirmation

Under the Federal Arbitration Act, "at *any time* within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). The FAA does not condition a party's right to seek judicial confirmation on the opposing party's failure to pay the award.

Courts in this circuit consistently recognize that "parties retain an undisputed right to § 9 confirmation whatever the nature of an award and the parties' degree of compliance with it." Nat'l Cas. Co. v. Resolute Reinsurance Co., No. 15CV9440 (DLC), 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016); see Zeiler v. Deitsch, 500 F.3d 157, 169 (2d Cir. 2007) ("[a] district court confirming an arbitration award does little more than give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance."); Ottley v. Schwartzberg, 819 F.2d 373, 375 (2d Cir. 1987) (rejecting respondent's argument that "the petition to confirm was inappropriate inasmuch as the alleged default had been cured"); Dist. Council No. 9 v. APC Painting, Inc., 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) ("whether these awards have been satisfied … has no bearing on whether the arbitration awards

should be confirmed."). As compliance with an award is irrelevant to whether an award must be confirmed, neither Schusterman's filing her Petition before the payment was due nor Mazzone's satisfying the Award has any bearing on the mandate to confirm the Award under 9 U.S.C. § 9.

Without citation to any authority under the FAA, Respondent assumes that a prevailing party has the right to seek confirmation only in cases of non-payment and that the Petition should be dismissed on the grounds that no Article III "case or controversy" exists. Neither the FAA nor the applicable case law supports this contention. Indeed, in rejecting this very argument, this Court has held:

> because a party to an arbitration is entitled to confirmation of an award, until it receives that confirmation an ongoing case and controversy exists. Indeed, § 9 does not provide that only *disputed* arbitration awards may be confirmed. It broadly allows any party to petition for confirmation and, where the requirements are met, makes such confirmation mandatory.

Nat'l Cas. Co, 2016 WL 1178779, at *3 (emphasis in the original).

### B.  As Respondent Does Not Oppose Confirmation on any Substantive Grounds, the Award Should be Confirmed

"[C]onfirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." S&O Constr. Servs., Inc. v. APS Contracting, Inc., No. 18-CV-5836 (CS), 2018 WL 6321541, at *3 (S.D.N.Y. Dec. 4, 2018) (internal citations and quotation marks omitted) (confirming arbitration award). "Absent a statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act." Barclays Capital Inc. v. Hache, No. 16 CIV. 315 (LGS), 2016 WL 3884706, at *1 (S.D.N.Y. July 12, 2016) (quoting Ottley, 819 F.2d at 376).

Mazzone has not asserted a statutory basis for vacating or modifying the Award,[1] and

---

[1] Under the FAA, a court may vacate an arbitration award only:

objects only on specious Article III grounds. Thus, the Award must be summarily confirmed. See, e.g., Nat'l Cas. Co, 2016 WL 1178779 (rejecting respondent's opposition to petition to confirm on Article III and jurisdictional grounds, and thus confirming the award); Barclays, 2016 WL 3884706 at *2 (rejecting respondent's motion to vacate as untimely, and thus confirming the award); Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Interior Cinema Inc., No. 15 CIV. 4616 PAE, 2015 WL 6459261, at *4 (S.D.N.Y. Oct. 23, 2015) (citing D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–10 (2d Cir.2006)) (granting petition to confirm arbitration award "[w]here [t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law").

II.   RESPONDENT'S MOTION FOR SANCTIONS SHOULD BE DENIED

   A.   Mazzone's Motion for Sanctions Should be Denied for
        Failure to Comply with the Requirements of Rule 11

As this Court has stated:

Rule 11(c)(2) sets forth the procedure to be followed where counsel pursues sanctions based on the offending attorney's court submissions. Relevant here, Rule 11(c)(2) creates a "safe harbor" that gives the offending attorney a chance to modify or withdraw the challenged submission so as to avoid sanctions. Under that provision, a motion for sanctions is initially to be served only on the offending attorney, and not filed with the Court. A motion for sanctions can be filed with the Court only if, 21 days after such service, the challenged submission has not been

---

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 n. 4 (2008) (citing 9 U.S.C. § 10). The Second Circuit has interpreted these grounds to mean that "an arbitral award may also be vacated if it exhibits a 'manifest disregard of the law.'" Wells Fargo Advisors LLC v. Tucker, No. 18 CIV. 6757 (PAE), 2019 WL 79287, at *3 (S.D.N.Y. Jan. 2, 2019) (citation omitted). None of these bases is – or could be – asserted by Mazzone.

990398v1                                    4

> "withdrawn or appropriately corrected." Sanctions may not be awarded under Rule 11(c)(2) where proper notice and opportunity to withdraw or correct the filing were not provided to the party to be sanctioned.

Benihana, Inc. v. Benihana of Tokyo, LLC, No. 15 CIV. 7428 (PAE), 2016 WL 3913599, at *23 (S.D.N.Y. July 15, 2016) (citations omitted).

Contrary to these requirements, Mazzone filed a motion for sanctions with this Court on January 11, 2019 without first serving the motion on Schusterman's counsel. (Licul Aff. ¶ 11) "If a party seeking Rule 11 sanctions fails to comply with the safe-harbor provision—by failing to serve the motion at least twenty-one days prior to filing it with the court—the motion must be denied." Lindner v. Am. Exp. Corp., No. 06 CIV. 3834 JGK/THK, 2009 WL 54493, at *2 (S.D.N.Y. Jan. 8, 2009); See Benihana, Inc. 2016 WL 3913599, at *23 (citing Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 158 (2d Cir. 2010)) (denying motion where "[respondent] has not anywhere represented that it served [petitioner] with its motion for sanctions before filing its sanctions motion with the Court, as the Rule requires," and finding that "[t]he motion may be denied on that basis alone.").

Further, by filing the motion for sanctions as a part of her memorandum of law in opposition to the petition to confirm, Mazzone violated the Rule 11 requirement that "a party moving for Rule 11 sanctions must do so in a filing 'made separately from any other motion.'" Lawrence v. Richman Grp. of CT LLC, 620 F.3d 153, 156 (2d Cir. 2010) (quoting Fed.R.Civ.P. 11(c)(2)). "This procedural requirement has been strictly interpreted by the Second Circuit." Levi & Korsinsky, LLP v. Bower, No. 14CIV. 10069 (AT), 2015 WL 10437758, at *3 (S.D.N.Y. Feb. 16, 2015) (denying motion for sanctions because movant failed to adhere to procedural requirements of Rule 11, including the "safe harbor" requirement and the requirement that such a motion be made separate from other filings). A court may properly deny a motion for sanctions

where the movant failed to make a separate motion for sanctions. Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008) (affirming denial of motion for sanctions where defendant failed to separately file motion for sanctions).

> B. Mazzone's Motion for Sanctions Should be Denied as Schusterman did not Violate Rule 11

Even if Mazzone had properly served the Motion for Sanctions, which she did not, Mazzone could not demonstrate the "extraordinary circumstances" under which a court may impose sanctions. E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 178 (S.D.N.Y. 2008) "Rule 11 is violated 'where it is patently clear that a claim has absolutely no chance of success under the existing precedent.'" Sorenson v. Wolfson, 683 F. App'x 33, 35 (2d Cir. 2017) (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)); see McBurnie v. Rutledge, 646 F. App'x 108, 113 (2d Cir. 2016) (affirming decision to deny sanctions where party's claims "contained 'enough of a kernel of a theory' to avoid being objectively unreasonable). As argued above, supra at pp. 3-4, the Second Circuit clearly recognizes a party's right to seek confirmation of an arbitration award regardless of the opposing party's compliance with the award; Mazzone thus cannot show that Schusterman's Petition was frivolous.[2]

Nor can Mazzone prevail on her claims that Schusterman filed her Petition for the sole purpose of harassing Mazzone by bringing "confidential" information into the public eye, as none of the information contained in Schusterman's Petition is confidential. The Award itself is a public document available on the FINRA website, and was a "mere internet search away" well before Schusterman filed her Petition. See Award, FINRA Office of Dispute Resolution, available at https://www.finra.org/sites/default/files/aao_documents/17-02501.pdf.        Further,        the

---

[2] Further, as argued supra at pp. 4-5, Respondent raises none of the four statutory bases for vacating the Award.

Confidentiality Order between the parties exempts "document[s], information, or testimony [that] was lawfully known or independently developed by the receiving party prior to its receipt from the designating party." (Dkt. 8-2 at p. 4, ¶ 7(ii)). As Schusterman was a signatory to the Agreement (Dkt. 6-2) and independently possessed it before the Arbitration commenced, the Agreement is not a confidential document under the Confidentiality Order.  Further, the Agreement itself has no confidentiality clause. Finally, the Confidentiality Order does not apply to the facts alleged in Schusterman's Petition; all such facts were independently within Schusterman's personal knowledge before the arbitration began.

Further, there is presumption of public access to judicial documents, which applies not only to arbitral awards but also to a "petition to confirm [and] the documents attached to that petition." Eagle Star Ins. Co. v. Arrowood Indem. Co., No. 13 CV 3410 HB, 2013 WL 5322573, at *2 (S.D.N.Y. Sept. 23, 2013)  "The weight of the presumption of public access is high" where, as here, the "Arbitration Information contained in the petition to confirm and the motion to dismiss constitute the heart of what the Court is asked to act upon." Id. (internal citations and quotation marks omitted)  Given that the documents Schusterman filed were not confidential, presumptively public, and filed to exercise a right under the FAA, Mazzone cannot show that the Petition was made "merely to besmirch Respondent in a public forum." (Dkt. 8)

Finally, in her motion for sanctions, Respondent alleges that Schusterman "conveniently" filed her Petition before the payment was due, as if to support her argument that Schusterman filed the Petition in bad faith.  However, the timing of Schusterman's filing has no bearing on Mazzone's motion for sanctions.  As explained above, Schusterman had a right to seek judicial confirmation of the Award at any time within a year of the issuance of the Award; Schusterman did not file the Petition "early" in any legally significant sense.  See 9 U.S.C. §9.  Further, Schusterman filed her

990398v1                                    7

Petition only after becoming reasonably concerned that Mazzone would not pay, as counsel for Mazzone had ignored repeated attempts by Schusterman's counsel to communicate about securing payment from Mazzone. (Licul Aff. ¶¶ 3-7) Mazzone's attempt to characterize the filing of the Petition as premature and therefore malicious is, at best, disingenuous.

## CONCLUSION

For the foregoing reasons, Mazzone's Cross-Petition to Dismiss Schusterman's Petition to Confirm Arbitration Award should be denied. Accordingly, the Petition should be granted, and judgment should be entered on the Award pursuant to its terms. Respondent's motion for Rule 11 Sanctions should also be denied.

Dated: New York, New York
      January 22, 2019

                              VLADECK, RASKIN & CLARK, P.C.

                        By:  s/ Valdi Licul
                            Valdi Licul
                            Debra L. Raskin
                            Thomas Bellifemine
                            565 Fifth Avenue, 9th Floor
                            New York, New York 10017
                            (212) 403-7300
                            Attorneys for Petitioner