UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TRACEY SCHUSTERMAN,

              Petitioner,              Case No.: 1:19-cv-00212

      -against-

ROSA MAZZONE,

              Respondent.
-----------------------------------------------------------------x

# MEMORANDUM OF LAW (I) IN OPPOSITION TO PETITION TO CONFIRM ARBITRATION AWARD AND (II) CROSS-PETITION TO DISMISS AND FOR SANCTIONS

Catania T. Facher, Esq.(5278)
Mark J. Alonso, Esq. (9582)
*Attorneys for Respondent*
Alonso, Andalkar & Facher P.C.
42 Broadway, 18th Floor
New York, New York 10004

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................4
THE FACTUAL AND PROCEDURAL BACKGROUND.........................................................4
**POINT I THE PETITION MUST BE DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED** ...............................................7
    *Ripeness* ...............................................................................................................................8
    *Mootness* .............................................................................................................................8
**POINT II PETITIONER IS LIABLE FOR SANCTIONS**.....................................................9
**CONCLUSION** ....................................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)..................................................................................................................................8
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)................7
*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). .................................................7
*Gambello v. Time Warner Commc'ns, Inc.*, 186 F. Supp. 2d 209, 230 (E.D.N.Y. 2002) ...............9
*Kittay v. Giuliani*, 112 F. Supp. 2d 342, 348 (S.D.N.Y. 2000), aff'd, 252 F.3d 645 (2d Cir. 2001). ........................................................................................................................................7
*Morely v. Ciba-Geigy Corp.*, 66 F.3d 21, 24 (2d Cir. 1995) ...........................................................8
*Productos Mercantiles E Industriales, S.A. v. Faberge U.S.A., Inc.*, 23 F.3d 41, 47 (2d Cir. 1994). ......................................................................................................................................8
*Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003). ..................................9

**Statutes**

Fed. R. Civ. P. 11(c)(1), (2)............................................................................................................9
FRCP 11(b)(1) and (3).....................................................................................................................9

**Other Authorities**

FINRA Rule 13904 ..........................................................................................................................7

## PRELIMINARY STATEMENT

Respondent Rosa Mazzone (hereinafter "Respondent" or "Mazzone"), by and through her undersigned counsel, hereby opposes Petitioner's Motion to Confirm the Arbitration Award (the "Award") rendered in the underlying FINRA arbitration (Case No. 17-02501 consolidated with 17-02504), and cross-petitions to dismiss the Petition to Confirm the Award pursuant to Federal Rule of Civil Procedure 12(b)(6). Respondent further requests that she be awarded costs and reasonable attorney's fees in the amount expended in defense of this meritless action. In support of this opposition and cross-petition, Respondent incorporates by reference the accompanying Memorandum of Law in Opposition to Petition to Confirm and in Support of Respondent's Cross-Petition to Dismiss and for sanctions.

## THE FACTUAL AND PROCEDURAL BACKGROUND

Petitioner has chosen to initiate the instant ("Petition") against Respondent preemptively and with extreme disregard for the rule of law, for Respondent's reputation, for client information, and for the confidentiality order ("Confidentiality Order"). [Facher Aff. ¶3, Exhibit "A"].

While a full recitation of the underlying dispute would violate the Confidentiality Order ordered by the Panel, the following represent pertinent facts leading up to the Award. [Petitioner's Exhibit "A"]. On September 20 and 21, 2017, Petitioner and Respondent each commenced separate arbitrations against the other in FINRA. [Facher Aff. ¶2]. Over a year and ten (10) full hearing days later, the arbitration was completed and the Award rendered on December 12, 2018. The Award and corresponding FINRA documents were uploaded to the FINRA portal[1] on that same day and the parties are advised of the Award and other documents on the FINRA portal via email. [Facher Aff. ¶5, Exhibit "B"]. Concurrently with the Award, the parties were issued a "Respondent Mazzone's Award Payment 30 Day Warning" Notice. [Facher Aff. ¶6, Exhibit "C"], which states: "FINRA Rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to

---

[1] The FINRA Dispute Resolution Portal is the e-file equivalent portal in the FINRA forum. E-mail notifications of all uploaded documents are sent to the attorneys of record or pro-se litigant on each matter.

4

vacate has been filed with a court of competent jurisdiction....**The 30-day period ends on: January 11, 2019.**" Respondent paid the Award on January 11, 2019, as required by the Award and the accompanying FINRA documentation and by FINRA Rule 13904.[2] [see, infra, at p. 8, and Facher Aff. ¶6, Exhibit "C".]

The Petition and supporting Memorandum of Law contain a myriad of unsupported factual allegations. The series of self-serving facts mischaracterize the dispute in an attempt to mar Respondent's reputation and jeopardize her Certified Financial Planner ["CFP"] certification.[3] The CFP Board requires specific compliance with arbitral awards, and non-payment of the Award violates the CFP Rules of Conduct[4] causing Respondent to be open to a CFP investigation and a FINRA enforcement proceeding resulting in potential suspension.

Without violating the Confidentiality Order on behalf of Respondent, the following allegations by Petitioner are directly contradicted by the findings of the Panel in the Award.

1. The Petition states that "Despite Schusterman's repeated requests, Mazzone has failed to pay the Award." [Petition p. 4]. Respondent paid pursuant to the Award and the thirty (30) day requirement as set forth in FINRA Rule 13904. [Facher Aff. ¶¶6,8, Exhibits "C", "D"]. This statement is a blatant mischaracterization of the facts meant to label Respondent a "deadbeat" to the public.

2. It should be noted that the Petition states the Award was rendered on December 11, 2018, however, as evidenced on the face of the Award [Petitioner's Exhibit "A"], the Award was rendered on December 12, 2018.

3. The Petition states: "In July 2017, the Group split when Schusterman's employment with RBC terminated." The Agreement of the Schusterman Mazzone Group was terminated on *August* 22, 2017. The characterization that the Group "split" is meant

---

[2] Payment was tendered to Petitioner's counsel via hand on January 11, 2019.
[3] A Certified Financial Planner is a professional designation attained by a person who has successfully completed the requirements of the Certified Financial Planner Board. (https://investinganswers.com/financial-dictionary/personal-finance/certified-financial-planner-cfp-2356).
[4] https://www.cfp.net/for-cfp-professionals/professional-standards-enforcement/current-standards-of-professional-conduct/standards-of-professional-conduct/rules-of-conduct#6

5

to eschew the fact that Ms. Schusterman struck with a closed fist Ms. Mazzone in the workplace, resulting in an award to Respondent of a $50,000.00 for battery.

4. Petitioner states that "Mazzone accepted the $1,000,000.00 Buy Out from Schusterman but nevertheless refused to comply with her obligations under the Agreement". The Award states clearly "The Panel grants Mazzone's request for a Declaratory Judgment that the $1 million payment by Schusterman to Mazzone for her interest in the Group was proper and Schusterman is not entitled to recover that payment." [Petitioner's Exhibit "A" at p. 4].

5. Petitioner continues to paint a picture which creates a Grant Wood out of a Picasso. Petitioner states that after she filed her Statement of Claim on September 20, 2017, Respondent "filed an arbitration proceeding against Schusterman in response". Respondent's Statement of Claim was filed on September 21, 2017, around 12:20 a.m. A more realistic representation would be that the arbitrations were filed near simultaneously, as the Buy Out was in limbo, and the Escrow situation needed to be sorted.

6. Once again, Ms. Mazzone paid the Award in full compliance with the FINRA rules and the Award. The Award found that Ms. Schusterman had disparaged Ms. Mazzone. [Petitioner's Exhibit "A"]. The only reason that Petitioner filed this Petition prior to Respondent's time to pay had expired, would be to ensure her ability to make one last public attack on Respondent's character, forever fossilized on the internet.

7. Moreover, in Petitioner's Exhibit B, Petitioner fails to redact home addresses as required by Judge Englemeyer's Individual Rules and Practices 6(A), as well as a full list of the names of her "friends and family" customer list to the public.

8. The Agreement, Petitioner's Exhibit "B", should not have been attached at all, as the Confidentiality Order states "All documents produced in this case, by either party, are considered "Confidential Information". The Confidentiality Order further states

that the material may be disclosed to the courts "provided that the party seeks to file such materials under seal". [Facher Aff. ¶3, Exhibit "A"]. Since Petitioner did not request the Agreement under seal, she violated the Confidentiality Order.

Petitioner should not have filed the Petition to Confirm the Arbitration Award, due to the above infirmities, which legal support is below.

## POINT I

### THE PETITION MUST BE DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

Ordinarily, Petitioner's only reason to **confirm an arbitration award** is to convert the award into a **federal court** judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The Petition requests judgment interest from the date of January 10, 2019 [Petition at p. 3], suggesting that a confirmation proceeding which requests interest from *before* the date payment is due is proper. It is not. Petitioner's conduct is a gross disregard for the FINRA rules and an attempt to harass Respondent in a public forum by casting her as a deadbeat who cannot or will not own up to her responsibilities. If the other side simply capitulates and abides by the arbitrator's decision – which Respondent did – then there is really no issue and the relief requested has already been paid. [Facher Aff. ¶8, Exhibit "D"]. It is moot. The only reason for confirmation of an arbitration award is that it needs to be enforced through the court system, which is not the case herein.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

The Petition cannot survive the standard.

*Ripeness*

When the Petition was brought the claims were not ripe, as the claims were not yet justicable.

> Defendants contend that plaintiff's federal as-applied claims should be dismissed because, *inter alia*, they are not yet in a posture suitable for judicial resolution. In order for claims to be justiciable under Article III, courts have long recognized that the controversy, as an initial matter, must be ripe. *See Marchi v. Board of Cooperative Educational Services of Albany,* 173 F.3d 469 at 478 (2d Cir.1999) ("ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts.") (internal quotations omitted); *Thomas v. City of New York,* 143 F.3d 31, 34 (2d Cir.1998).

*Kittay v. Giuliani,* 112 F. Supp. 2d 342, 348 (S.D.N.Y. 2000), aff'd, 252 F.3d 645 (2d Cir. 2001). Here, as in *Kittay*, the claims were not justiciable, as the time to comply with the Award had not yet expired. [Facher Aff. **]. FINRA Rule 13904, states "for Industry Disputes, all monetary awards shall be paid within 30 days of receipt, unless a motion to vacate has been filed in a court of competent jurisdiction." As Respondent had 30 days from December 12, 2018 to pay the Award. On January 8, 2019, when the Petitioner filed the Petition to confirm the Award and seeking payment, the Petition was not ripe, as payment was not due. As such, the Award was not required to be paid when Petitioner filed her Petition, which further supports the contention that her cause of action and her relief were not ripe. [Facher Aff. ¶¶6,8, Exhibits "C", "D"]

*Mootness*

As of today, the claim is now moot.

> Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

*Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S. Ct. 1055, 1069, 137 L. Ed. 2d 170 (1997). Here, the Award was paid within the time period allotted by FINRA Rule 13904. Therefore, there is no personal interest in having the Award paid, as it has *already* been paid in full on January 11, 2019. [Facher Aff. ¶8, Exhibit "D"]. Therefore, the issue is moot and there is

8

no justiciable controversy to be determined by this Court and the Petition to Confirm the Award should be dismissed in its entirety.

## POINT II

## PETITIONER IS LIABLE FOR SANCTIONS

Rule 11 permits sanctions when, among other things, "the claims, defenses, and other legal contentions" in a motion are not supported by "existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "The purpose of Rule 11 is to streamline litigation by thwarting the use of frivolous and abusive . . . tactics." *Productos Mercantiles E Industriales, S.A. v. Faberge U.S.A., Inc.*, 23 F.3d 41, 47 (2d Cir. 1994). This Court has "wide discretion in deciding" when to award sanctions under Rule 11. *Morely v. Ciba-Geigy Corp.*, 66 F.3d 21, 24 (2d Cir. 1995). Sanctions may be imposed upon "the attorney, law firm, or party that violated the rule or is responsible for the violation" and if warranted, "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(1), (2); *Gambello v. Time Warner Commc'ns, Inc.*, 186 F. Supp. 2d 209, 230 (E.D.N.Y. 2002) (imposing monetary sanctions on attorney for presenting a frivolous claim).

"In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action. *Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359. Rather, the court determines 'a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.' *Id.*" *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 417 (S.D.N.Y. 2003).

This Petition to Confirm contains contentions unsupported by FINRA Rule 13904, FINRA Correspondence which accompanied the Award when served on the Parties, as well as the Award, alleged merely to besmirch Respondent in a public forum. [Supra at pp.6-7]. This paints an unfair picture, by insinuating that Respondent has not and does not pay her debts. Conveniently, this claim was filed prior to the actual time for payment, forcing the picture into the public eye as the contents and underlying facts were confidential. As aforementioned, non-payment puts

9

Respondent at risk of a CFP Board and FINRA investigation. In filing prior to Respondent's time to pay, Petitioner put the falsehood of non-payment into the public, an action she could not have taken if she took the risk that, as Respondnet has done, Respondent would have paid in time. With the insinuation of non-payment a mere internet search away, Respondent is at risk of a time-consuming CFP Board investigation, as well as numerous inquiries from current and prospective clients. If Respondent is considered unfit with her own financial obligations, how can she be entrusted with the responsibility of other individuals' life-savings. Taken all together, this malicious act is meant to further damage Respondent's reputation and thus this Petition was brought for an improper purpose, to harass Respondent.

The continued attacks violate FRCP 11(b)(1) and (3), as the motion was brought for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and includes unsupported and clearly contradicted allegations by the Award itself. As such, Respondent should be entitled to reasonable attorneys' fees for the cost to oppose this Petition.

## CONCLUSION

This Court should grant Respondent's Motion to Dismiss the Petition and for Sanctions in its entirety, and award Respondent her costs and disbursements and reasonable attorneys' fees for (i) Responding to the Petition, and (ii) bringing this Motion to Dismiss and for Sanctions, and grant any further relief that this Court deems proper.

ALONSO, ANDALKAR & FACHER, P.C.

Catania T. Facher, Esq.(5278)
Mark J. Alonso, Esq. (9582)
*Attorneys for Respondent*
42 Broadway, 18th Floor
New York, New York 10004