USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACEY SCHUSTERMAN,

                                      Petitioner,

-v-

ROSA MAZZONE,

                                      Respondent.

19 Civ. 212 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Tracey Schusterman seeks confirmation of an arbitration award issued against respondent Rosa Mazzone. Dkt. 6 ("Am. Pet."), Ex. A (the "Award"). Schusterman and Mazzone agreed to jointly own and operate a financial services group ("the Group"). Pursuant to that agreement, they were bound to arbitrate disputes before a Financial Industry Regulatory Authority, Inc. ("FINRA"), arbitration panel. *See* Am. Pet., Ex. B ("Agreement"). Petitioners commenced this action on January 8, 2019, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Respondents move to dismiss the petition and for sanctions. Dkt. 13. For the following reasons, the Court confirms the Award and denies Mazzone's motion to dismiss and her motion for sanctions.

I.     **Background**

    A.     **The Parties and Their Agreement**[1]

Schusterman and Mazzone are both certified financial planners. They jointly owned and operated a financial services group, which was known as The Schusterman Group between 2003

---

[1] The Court's account of the following undisputed facts is derived from the Amended Petition; the affirmation of Catania Facher in opposition to the petition to confirm and in support of the motion to dismiss and for sanctions, Dkt. 14 ("Facher Aff."), and the exhibits attached thereto;

and 2017, and as The Schusterman/Mazzone Group from 2017 onward. Agreement at 1. On April 20, 2017, the parties entered into an agreement to memorialize the terms of their relationship and Mazzone's compensation. *Id.* It provided that "[i]n the event of any dispute arising out of or in any way related to the terms of this Agreement, the Parties hereby submit such dispute to FINRA arbitration." *Id.* ¶ 19.

## B. The Parties' Dispute and the Arbitration Award

On September 20, 2017, the parties submitted certain disputes to arbitration before FINRA. The gravamen of Schusterman's complaint was that Mazzone had attempted to solicit clients of the Group in violation of the Agreement. Schusterman alleged breach of contract, tortious interference, defamation, assault, and false imprisonment against Mazzone. Award at 2. Mazzone, in turn, alleged breach of contract, defamation, and battery against Schusterman. *Id.* at 2–3. On November 24, 2017, the parties agreed to consolidate their cases into a single proceeding. *Id.* at 3.

After 10 days of evidentiary hearings, the arbitral panel found that Mazzone had breached the Agreement and was liable to Schusterman for $548,488.50 for

> (a) laying claim to clients of the Group and taking affirmative steps to solicit clients of the Group in violation of . . . the Agreement; (b) disparaging Schusterman in violation of . . . the Agreement; and (c) violating the implied covenant under New York common law not to solicit clients . . . .

*Id.* at 4. The panel found, however, that Schusterman could not recover for tortious interference with business relations or for defamation because those claims were duplicative of her contract claim. *Id.* It also found that Schusterman had not established her claims of assault and false imprisonment. *Id.*

---

and the affirmation of Valdi Licul in further support of the petition to confirm the Award, Dkt. 15 ("Licul Aff."), and the exhibits attached thereto.

As to Mazzone's claims, the panel granted Mazzone's request for declaratory judgment that a $1 million payment made by Schusterman to Mazzone for her interest in the Group had been proper and that Schusterman was not entitled to recover that payment. *Id.* The panel denied Mazzone's request for a declaratory judgment entitling her to a "Back End Bonus" under the Agreement. *Id.* The panel further found that Schusterman had breached the Agreement by disparaging Mazzone, but awarded no damages for this breach. *Id.* And the panel found Schusterman liable to Mazzone for battery and awarded $50,000 to Mazzone. *Id.* at 5.

Netting these findings, the arbitration panel ultimately entered an award of $498,488.50 in favor of Schusterman and awarded Schusterman an additional $5,912.50 for attorneys' fees incurred as a result of a discovery violation. *Id.* at 4–5. It thus awarded a total of $504,401.00 to Schusterman.

### C. Procedural History

On January 8, 2019, Schusterman filed this action to confirm the Award. Dkt. 1. On January 9, 2019, Schusterman filed an amended petition. Am. Pet. On January 11, 2019, shortly after Schusterman initiated the instant action, Mazzone made a payment to Schusterman in the full amount of the Award. Facher Aff. ¶ 8.

On February 5, 2019, Mazzone filed a motion to dismiss the petition, a request for sanctions, a memorandum of law in support of her motions, Dkt. 13 ("Resp. Mem."), and the Facher Affirmation. Also on February 5, 2019, Schusterman filed a memorandum of law in opposition to Mazzone's motions, Dkt. 16 ("Pet'r Mem."), and the Licul Affirmation.

On April 9, 2019, Mazzone submitted a proposed stipulation and order consenting to the withdrawal of counsel and agreeing to appear in this proceeding *pro se*. Dkt. 17. On April 18, 2019, the Court granted Mazzone's counsel's request to withdraw and Mazzone's request to proceed *pro se*. Dkt. 18.

3

## II. Applicable Legal Standards

### A. Confirmation of an Arbitration Award

"'Arbitration awards are not self-enforcing'"; "'they must be given force and effect by being converted to judicial orders by courts.'" *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal quotation marks omitted). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award,'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). It provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected . . . .

9 U.S.C. § 9.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In the Second Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

4

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

**B.    Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In considering a motion to dismiss, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[R]ather, the complaint's *factual* allegations must be enough to raise a right to relief above the speculative level, *i.e.*, enough to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 570) (internal quotation marks

5

omitted) (emphasis in *Arista Records*). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

C.  **Motion for Sanctions**

Federal Rule of Civil Procedure 11 confers on a district court authority to sanction a litigant or its counsel. It provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b).

Rule 11(c)(2) sets forth the procedure to be followed where counsel pursues sanctions based on the offending attorney's court submissions. Rule 11(c)(2) creates a "safe harbor" that gives the offending attorney a chance to modify or withdraw the challenged submission so as to avoid sanctions. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89–90 (2d Cir. 2003). Under that provision, a motion for sanctions is initially to be served only on the offending attorney, and is not filed with the Court. A motion for sanctions may be filed with the Court only if, 21 days after such service, the challenged submission has not been "withdrawn or appropriately corrected," and it "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Sanctions may not be awarded under Rule 11(c)(2) where the party seeking sanctions failed to provide proper notice and the requisite opportunity to withdraw or correct the challenged filing, *see Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010), nor where a party

6

fails to comply with the procedural instruction that a motion for sanctions be made separately from other motions, *see Banfield v. UHS Home Attendants, Inc.*, No. 96 Civ. 4850 (JFK), 1997 WL 342422, at *3 (S.D.N.Y. June 23, 1997); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (procedural requirements are construed strictly).

When such a motion is properly filed, the Court may impose sanctions if the offending attorney responsible for the submission is found to have acted with "objective unreasonableness." *In re Pennie & Edmonds LLP*, 323 F.3d at 90; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009); *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) ("Rule 11(b)(2) establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments."

### III. Discussion

Schusterman argues that the Award complies with the FAA and should be confirmed. Mazzone counters that the petition must be dismissed because it was not ripe at the time of filing, and with her since having paid Schusterman, Schusterman's claim is now moot. Resp. Mem. at 8. Mazzone also seeks sanctions against Schusterman for bringing a claim in bad faith. *Id.* at 9. The Court considers the motion to confirm the Award and the motion to dismiss the claim in tandem because they implicate the same question: whether the Award in Schusterman's favor should be confirmed. The Court then considers Mazzone's motion for sanctions.

#### A. Schusterman's Petition to Confirm and Mazzone's Motion to Dismiss

On the very limited review appropriate, the Court confirms the Award and denies Mazzone's motion to dismiss Schusterman's petition. The parties do not dispute that the arbitral panel acted within the scope of the authority granted to it by the parties, and that the panel found "substantial and credible evidence" that Mazzone was liable to Schusterman in the amount of

7

$548,488.50 for breach of the Agreement and in the amount of $5,912.50 for attorneys' fees as a sanction, and that Schusterman was liable to Mazzone in the amount of $50,000.00 for battery. Award 4–5. Indeed, Mazzone does not dispute that there is at least a "barely colorable justification for the outcome reached" by the FINRA panel, *Landy Michaels Realty Corp.*, 954 F.2d at 797, nor does she dispute any other aspect of the Award itself, the amount of which she has now paid. Rather, Mazzone's sole argument is that the petition should not be confirmed because Schusterman's bid for monetary relief is moot, or, alternatively, because it is unripe. Resp. Mem. at 8. Specifically, Mazzone argues that the petition to confirm should be dismissed because, after Schusterman initiated this action, Mazzone paid the balance due under the Award. Alternatively, Mazzone argues, the matter is not ripe for confirmation because Schusterman's petition was filed before the deadline to comply with the Award had passed. *Id.*

These arguments are unpersuasive. It is undisputed that Mazzone has by now paid the Award balance. But that payment does not negate the right of the prevailing party, Schusterman, to seek judicial confirmation of the arbitral decision. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). As the Second Circuit has explained, "prior compliance is not a ground for refusal of confirmation" of an arbitral award. *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). "The issues of compliance and confirmation are distinct from each other. A court may confirm an arbitration award even in the absence of a showing of non-compliance." *Am. Nursing Home v. Local 144 Hotel, Hosp., Nursing Home & Allied Servs. Union, SEIU, AFL-CIO*, No. 89 Civ. 1704 (DNE), 1992 WL 47553, at *2 (S.D.N.Y. Mar. 4, 1992); *see also Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15 Civ. 9440 (DLC), 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016) (rejecting respondent's

argument that confirmation of an arbitral award would lack a valid purpose because respondent undisputedly had complied with the award in full).

Mazzone's argument that Schusterman's petition was not ripe fares no better. Mazzone contends that Schusterman's petition was unripe because the deadline to pay the Award under the FAA had not yet passed. Resp. Mem. at 8. But, in fact, the FAA provides that any party to an arbitration may, "at any time within one year after the award is made," apply in court for an order confirming the award. 9 U.S.C. § 9; *see also, e.g., Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003) (holding that section 9 of the FAA permits courts to review arbitration awards within one year of the rendering of the award); *InterChem Asia 2000 Pte. Ltd. v. Oceana Petrochemicals AG*, 373 F. Supp. 2d 340, 346 (S.D.N.Y. 2005) (same). Simply put, "parties retain an undisputed right to § 9 confirmation whatever the nature of an award *and the parties' degree of compliance with it*." *Nat'l Cas. Co.*, 2016 WL 1178779, at *3 (emphasis added). Because Schusterman filed her petition to confirm the Award within one year after the Award was made, her petition was timely filed and was not unripe.

Accordingly, the Court confirms the Award in favor of Schusterman, for a total amount of $504,401.00, and denies Mazzone's motion to dismiss.

### B.  Mazzone's Motion for Sanctions

Mazzone argues that the Court should impose sanctions on Schusterman for allegedly filing a frivolous and abusive petition to confirm the Award. Resp. Mem. 9–10. At the outset, Mazzone's request is procedurally improper, as she did not comply with the procedures set forth in Rule 11. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . . The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn

9

or appropriately corrected within 21 days after service or within another time the court sets.");
*Banfield v. UHS Home Attendants, Inc.*, No. 96 Civ. 4850 (JFK), 1997 WL 342422, at *3
(S.D.N.Y. June 23, 1997) ("Because Plaintiff failed to comply with . . . Rule 11's procedural
requirements in moving for sanctions against Defendants' counsel, the Court denies the motion
without reaching its merits."); *see also Ullman-Briggs, Inc. v. Deerfield Housewares, Inc.*, 100
F.3d 942, 943 (2d Cir. 1996) ("A statement in a party's brief requesting sanctions is not
equivalent to a separately filed motion."). Mazzone did not file the sanctions motion separately
from other motions, or comply with Rule 11(c)(2)'s "safe harbor" provision. Mazzone's motion
for sanctions therefore is procedurally improper.

In any event, Mazzone's motion fails on the merits. Schusterman's petition was not,
remotely, sanctionable. The Court is authorized to impose sanctions where a party is found to
have acted with "objective unreasonableness." *In re Pennie & Edmonds LLP*, 323 F.3d at 90;
*see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012)
("Sanctions may be—but need not be—imposed when court filings are used for an improper
purpose, or when claims are not supported by existing law, lack evidentiary support, or are
otherwise frivolous." (internal quotation marks omitted)). Sanction decisions are to be made
"with restraint and discretion," *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323,
334 (2d Cir.1999), "lest they chill the creativity essential to the evolution of the law," *Greenberg
v. Chrust*, 297 F. Supp. 2d 699, 703 (S.D.N.Y. 2004). Here, in contrast, the FAA gave
Schusterman the right to act as she did—to petition to confirm an arbitral Award. 9 U.S.C. § 9.
The Court, in fact, has now granted that petition.

Separately, Mazzone argues that sanctions are warranted because Schusterman ostensibly
brought the petition to confirm the Award in bad faith, so as to besmirch Mazzone's reputation.

Resp. Mem. at 9. That theory is misbegotten. Schusterman had the right under the FAA to seek judicial confirmation of an arbitral award and did so in patent good faith, filing the petition and amended petition before the Award had been paid. Schusterman's counsel further explains that Schusterman brought this action only after becoming concerned in December 2019 that Mazzone did not intend to pay the Award. Facher Aff. ¶ 3–8. Mazzone does not offer any factual basis for her claim that the petition to confirm was brought in bad faith. The Court therefore denies Mazzone's request for sanctions.

## CONCLUSION

For the reasons stated above, the Court denies respondent's motion for to dismiss and for sanctions and confirms the Award in favor of Schusterman.

The Court respectfully requests that the Clerk of Court terminate the motion pending at Dkt. 13 and close this case.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 18, 2019
       New York, New York